UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:23-CR-00023-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KIRK AUGUST (01)** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss Indictment [doc. 38] filed by defendant Kirk August based on the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). The government opposes the motion. Doc. 43.

### I.
### BACKGROUND

The government alleges that August, having been convicted of at least three prior felonies between 2007 and 2014[1], was found in possession of one (1) Henry Repeating Arms, Model H004 Golden Boy, .22 caliber rifle and one (1) Savage Arms, Model Stevens 94, .410 shotgun, after officers responded to a 911 call reporting gunshots in a residential area and found August in his backyard with spent shell casings and a makeshift target. Docs. 1, 43. Accordingly, the government has charged August with one count of possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1). That statute

---

[1] The government contends that August "was a felon by virtue of several convictions," including unauthorized entry of an inhabited dwelling and second-degree battery in 2007 and simple burglary in 2014. Doc. 43, p. 2.

provides, in pertinent part, that "[i]t shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to . . . possess in or affecting commerce, any firearm or ammunition." *Id.*

Defendant asserts that the Supreme Court's decision in *Bruen* initiated a "sea change" in Second Amendment jurisprudence and renders § 922(g)(1) unconstitutional. Accordingly, he moves for dismissal of the indictment. Doc. 38. The government opposes the motion, arguing that nothing in *Bruen* calls into question felon-dispossession statutes. Doc. 43.

## II.
## LAW & APPLICATION

The Second Amendment challenge in *Bruen* involved a New York licensing regime under which an applicant for a public carry handgun license must demonstrate a special need for self-defense. The Court rejected that standard, expanding on *D.C. v. Heller* to hold that the Second Amendment protected an individual's right to possess a gun outside the home as well as inside it. 142 S.Ct. at 2122–23. But both the Supreme Court and the Fifth Circuit have affirmed the constitutionality of § 922(g)(1)'s prohibition on a felon's possession of firearms under *Heller*.[2] The expansion of Second Amendment protections to public carry rights for law-abiding citizens therefore provides no basis for revisiting § 922(g)(1), which forbids felons from possessing a firearm with no restriction as to place.

---

[2] *See United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003) (holding that § 922(g)(1) "does not violate the Second Amendment"); *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) (noting historical limits on the rights secured by the Second Amendment, and emphasizing that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ."); *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010) (reaffirming constitutionality of § 922(g)(1) in light of *Heller*).

*Accord Shipley v. Hijar*, 2023 WL 353994 (W.D. Tex. Jan. 20, 2023); *see United States v. Coleman*, 2023 WL 5925544 (5th Cir. 2023) (denying a certificate of appealability on a *Bruen* § 2255 motion following a § 922(g) conviction). This court therefore joins with over a hundred others in the Fifth Circuit in rejecting defendant's constitutional challenge to his § 922(g)(1) charge. *See United States v. Bazile*, 2023 WL 7112833, at *3–*4 (E.D. La. Oct. 27, 2023) (collecting cases).

### III.
### CONCLUSION

For the reasons stated above, the court will **DENY** the Motion to Dismiss Indictment [doc. 38].

**THUS DONE AND SIGNED** in Chambers on the 2nd day of November, 2023.

*[signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**